CRICHTON, J.,
would grant, order briefing, and docket for oral argument.
|) After carefully studying the application and exhibits, I would grant defendant’s application, order briefing, and docket for oral argument. I would do so not because I believe the trial court may have erred in imposing a sentence of life imprisonment without parole eligibility after conducting a hearing in accordance with Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), but because I believe this application affords the Court with the opportunity to proactively develop an important and rapidly changing area of Eighth Amendment jurisprudence. In the 2017 regular session, after vigorous debate in both chambers, the Louisiana Legislature passed an amended version of Senate Bill 16 in an effort to carry out the United States Supreme Court’s mandates regarding juvenile sentencing in Miller v. Alabama and Montgomery v. Louisiana, 577 *838 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). In doing so, it appears that there may be a significant number of persons incarcerated in Louisiana who fall into a possible gap in the law. Those persons, who committed first or second degree murder as juveniles, and who áre serving sentences of life imprisonment at hard labor without parole eligibility, and ■ who have already had a Miller hearing and been -denied parole eligibility, will likely still challenge the denial of parole eligibility and the manner in which the Miller hearing was conducted as failing to | ¿fully comply with the Eighth Amendment, Miller, and Montgomery. Because of the manner in which the new (and likely to be soon effective) version of La.C.Cr.P. art. 878.1 was drafted, the questions presented in that subset of cases may not be resolved by the new legislation. Instead, the onus may remain on the judicial branch to finally tackle those thorny issues and answer those difficult questions. I believe the present case affords the Court the opportunity to' fill this potential gap in the law and offer the district courts' badly néeded guidance under the Eighth Amendment. I wish to be clear, however,1 that I find nothing in the information available to the Court at this time suggesting the district court in any way erred in imposing the harshest possible penalty on this offender. At the age of 16 years, defendant repeatedly shot the victim as he sheltered a woman’s body with -his own while her child was nearby and in harm’s way. Defendant expressed no remorse but instead appeared to already 1 be a hardened and unrepentant murderer, gang, member» and drug trafficker. The district court judge conducted the hearing admirably and, I believe, correctly denied defendant parole eligibility to this “rare juvenile offender whose: crime reflects irreparable corruption.” Miller, 132 S.Ct. at 2469 (quoting Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). Nonetheless, I believe the Court has erred in passing up an opportunity to develop the law and provide guidance to the lower courts. Accordingly, I would grant defendant’s application, order briefing, and docket for oral argument, with an authored opinion of this Court to follow. :